Seaton *v.* Cordray.

"She had sexual intercourse with a married man, by means," &c., and on no other account, one C. Dorlan, who was about to marry her, has since declined, and neglected so to do; and plaintiff hath been deprived of the gains, profits and comforts, which would have arisen from her marriage with him.

A witness was called, and asked to state slanderous words spoken by the defendant since the suit was brought.

*Rice* and *W. Silliman,* for the defendant, objected to the testimony, as irrelevant.

*Avery* and *Glasgow,* for the plaintiff.

---

JUDGES—LANE AND WRIGHT.

---

SEATON *v.* CORDRAY.

Slander—evil disposition—mere intention—imputing crime—heat and passion—nominal damages.

It is not actionable to accuse another with an evil disposition, a mere intention to commit a crime.

To make words imputing crime actionable, they must be such, as, if true, would subject the accused to infamous punishment.

Slanderous words, uttered in heat and passion, or provoked by the plaintiff, entitle the plaintiff to merely nominal damages.

SLANDER. The words charged were, "You are a thief, and have

been guilty of stealing, and I can prove it." Issue was taken upon not guilty.

The plaintiff, who is a lawyer, had a suit before a justice, with Cordray, and had got cast. After the trial, they met in the bar-room of a tavern, when the defendant said, speaking of the trial, to the plaintiff, " You are snake bit." Some taunting words followed, when the defendant said to the plaintiff, " I understand you said I was a damned old rascal." The plaintiff replied, " I never said so, but said you would lie by times." The defendant then said, " If you said that there, you *will lie and steal,* and I can prove it." Both parties were in a passion. The plaintiff went out and immediately brought this suit.

*Goodenow* and *Atherton,* for the plaintiff.

*S. W. Culberston,* contra.

THE COURT, to the jury. An action may be sustained for charging another with being a thief, or with having stolen, but not for imputing a *mere intention to steal,* or with having an *evil disposition.* The foundation of the slander is, that the charge, if true, would subject the accused to infamous punishment; an evil disposition, without act, cannot so subject any one. If you find that the words spoken by the defendant only imputed to the plaintiff an *intent* to steal, the defendant is entitled to your verdict. So, if the words spoken were provoked, and drawn out of the defendant by the plaintiff himself, with a design to sue. Courts should not be resorted to for such purposes. If the words spoken do impute crime, but were spoken in heat and passion, while the parties were excited, and in contest, the damages should be merely nominal for the plaintiff.

Verdict for the plaintiff, twenty-five cents. Judgment for that sum without costs.